## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIE WALKER,                                    Civil Action No.: 2:21-cv-650

        Plaintiff,

   vs.

FIT & FRESH, INC. and SAM'S EAST,
INC. d/b/a SAM'S CLUB #6679,

        Defendants.

### PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Marie Walker, by and through their undersigned counsel, Mark D. Troyan, Esquire; and the law firm of Robert Peirce & Associates, P.C. and claims damages against the Defendants Fit & Fresh, Inc. and Sam's East, Inc. d/b/a Sam's Club #6679, and avers as follows:

### PARTIES

1.    Plaintiff, Marie Walker, is an adult individual who resides at 1631 Ridge Avenue, Coraopolis, Pennsylvania, 15108.

2.    Defendant, Fit & Fresh, Inc. is a corporation with a principal place of business located at 295 Promenade Street, Providence, Rhode Island, 02908.

3.    Defendant, Sam's East, Inc. d/b/a Sam's Club #6679 is a corporation with an address of 2251 Century Drive, West Mifflin, Pennsylvania,15122.

4.    At all relevant times, Defendant Fit & Fresh, Inc. was engaged in the business of manufacturing, selling, designing, fabricating, marketing, and distributing the JAXX FitPak meal

prep backpack, which included the Plastic Container, involved in the incident that is the subject of this lawsuit.

5.      At all relevant times, Defendant Sam's East, Inc. d/b/a Sam's Club #6679 sold the JAXX FitPak meal prep backpack, which included the Plastic Container, to Marie Walker involved in the incident that is the subject of this lawsuit.

6.      At all times relevant hereto, the above-named Defendants acted independently, and by and through their duly authorized agents, servants, and employees, then and there acting within the course and scope of their employment.

## JURISDICTION AND VENUE

7.      This court has jurisdiction over this matter under 28 U.S.C. § 1332.

8.      This court has venue under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

9.      Marie Walker purchased a JAXX FitPak meal prep backpack, which included multiple plastic containers, manufactured by Fit & Fresh, Inc., from Sam's Club located at 2252 Century Drive, West Mifflin, Pennsylvania, 15122.

10.     The JAXX FitPak meal prep backpack included numerous plastic food storage containers and a drink shaker.

11.     Ms. Walker had taken out one of the plastic containers (herein after "Plastic Container") from the JAXX FitPak meal prep backpack and was using the Plastic Container for the first time. She placed leftover meatballs into the Plastic Container and put them in the refrigerator.

12.     This Plastic Container was advertised, marketed and manufactured to be microwave safe.

13.     The next day, on or about May 23, 2019, Ms. Walker removed the Plastic Container manufactured by Fit & Fresh, Inc. from the refrigerator and placed the Plastic Container with meatballs into her microwave.

14.     Ms. Walker placed the Plastic Container into the microwave and heated the meatballs for approximately 1 minute and 30 seconds.

15.     Ms. Walker promptly opened the microwave door and removed the Plastic Container from the microwave.

16.     As Ms. Walker removed the Plastic Container from the microwave, she felt a burning sensation on her bare foot.

17.     She looked down and realized that the bottom of the Plastic Container had melted fully through to create a hole in the Plastic Container and that the contents of the Plastic Container had fallen onto her left foot.

18.     The Plastic Container, which was advertised, marketed and manufactured to be microwave safe had a hole in the bottom of the container with burn marks on the plastic where the meatballs were located inside the Plastic Container.

19.     Later that day, Ms. Walker presented to UPMC Magee Women's Hospital because her left foot was hurting, and she had a blister.

20.     Ms. Walker was given medication for her burn and was sent home from the hospital.

21.     Ms. Walker's left foot burn was diagnosed as 3rd degree, the most serious burn.

22.     In the days after, her pain started to get worse and on May 25, 2019, Ms. Walker went to the UPMC Mercy Emergency Room, where she was found to have deep partial full thickness burn with cellulitis.

23.     Ms. Walker was prescribed Keflex for her cellulitis and her burn was diagnosed at 3rd degree, the most serious level of burn.

24.     On May 28, 2019, Ms. Walker returned to UPMC Mercy for failed outpatient cellulitis treatment and was admitted for IV antibiotic treatment and her left foot burn was debrided.

25.     Ms. Walker remained at UPMC Mercy for three days and was discharged home on May 31, 2019.

26.     Ms. Walker continued to treat in the months following the incident and has been left with a permanent scar on her left foot, nerve damage and nerve pain.

## COUNT I

## STRICT LIABILITY

### Marie Walker v. Fit & Fresh, Inc.

27.     All the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

28.     Defendant Fit & Fresh, Inc., at all relevant times, engaged in the manufacturing, selling, installation, design, fabrication, marketing, and distribution of lunch bags and products, including the JAXX FitPak meal prep backpack, which included the Plastic Container that is the subject of this lawsuit.

29.     Upon information and belief, the defective nature of the JAXX FitPak meal prep backpack, specifically the Plastic Container sold with the product, which defect existed at the time the JAXX FitPak meal prep backpack left Defendant's care, custody, and control, caused the injuries to Marie Walker.

30.     The defective nature of the JAXX FitPak meal prep backpack, specifically the Plastic Container, was unreasonably dangerous to users and/or consumers, such as Marie Walker.

31.     Marie Walker was an ultimate user or consumer of the JAXX FitPak meal prep backpack and accompanying Plastic Container.

32.     The JAXX FitPak meal prep backpack and Plastic Container reached Marie Walker without change in the condition in which it was designed, manufactured, or sold or, alternatively, reached Marie Walker in a condition that was or should have been foreseeable to the Defendant.

33.     Marie Walker was an intended user of the JAXX FitPak meal prep backpack and accompanying Plastic Container and was using the JAXX FitPak meal prep backpack and accompanying Plastic Container in an intended and foreseeable manner.

34.     The defective condition of the Plastic Container sold as part of the JAXX FitPak meal prep backpack rendered the Plastic Container unreasonably dangerous for consumers.

35.     Ms. Walker was a foreseeable user of the Plastic Container because the JAXX FitPak meal prep backpack, which included the Plastic Container was marketed to men and women of her age range for meal prepping and storing food.

36.     Ms. Walker's use of the Plastic Container sold as part of the JAXX FitPak meal prep backpack, which included the Plastic Container was, at all times, reasonable and foreseeable.

37.     The foreseeable risks of the Plastic Container sold as part of JAXX FitPak meal prep backpack, which included the plastic container as designed, marketed, and sold, exceeded its benefits.

38.     Due to the design and/or manufacturing of the JAXX FitPak meal prep backpack, specifically the Plastic Container, the Plastic Container posed an unknowable and unacceptable danger to the average or ordinary consumer, such as Marie Walker.

39.     Defendants failed to properly and adequately warn Marie Walker of the dangerous nature of the JAXX FitPak meal prep backpack, specifically the Plastic Container.

40.     While the Plastic Container was designed to be store food, Fit & Fresh, Inc. failed to design the Plastic Container that was sold as part of the JAXX FitPak meal prep backpack, in a way that would not injure the user when the Plastic Container was being used in the microwave.

41.     Fit & Fresh, Inc. failed to design and manufacture the Plastic Container that was sold as part of JAXX FitPak meal prep backpack, in a way that allowed for food that was stored in the Plastic Container to be heated up in the microwave, although the Plastic Container indicated to the user that it was microwave safe.

42.     Fit & Fresh, Inc. failed to design/manufacture the Plastic Container in way that would ensure the user would not be injured during its intended use.

43.     Fit & Fresh, Inc. manufactured the JAXX FitPak meal prep backpack and Plastic Container in a manner that allowed the plastic to melt when heated in the microwave.

44.     Fit & Fresh, Inc. manufactured the JAXX FitPak meal prep backpack and Plastic Container in a manner that caused Ms. Walker to sustain significant burns.

45.     Fit & Fresh, Inc. failed to test the Plastic Container sold to Ms. Walker before placing it in the stream of commerce.

46.     Fit & Fresh, Inc. failed to properly inspect the Plastic Container sold to Ms. Walker before placing it into the stream of commerce.

47.     Failing to ensure that the Plastic Container manufactured by Fit & Fresh, Inc. worked in a manner consistent with Fit & Fresh, Inc.'s promises on Fit & Fresh's website.

48.     By improperly designing, manufacturing, assembling, distributing, and selling the JAXX FitPak meal prep backpack and Plastic Container in a defective and dangerous condition of which Fit & Fresh, Inc. knew, or reasonably should have known, of such dangers.

49.     Fit & Fresh, Inc. failed to design an emergency feature that would activate when something malfunctioned on the Plastic Container while the food contents were being heated up in the container in the microwave.

50.     Fit & Fresh, Inc. failed to ensure that all products they manufactured and sold would not pose a threat to their consumer such as Ms. Walker.

51.     Fit & Fresh, Inc. failed to ensure that all of their products were manufactured and shipped without defect.

52.     Fit & Fresh, Inc. failed to ensure that all of their plastic containers as part of the JAXX FitPak meal prep backpack, could work as they were intended.

53.     Fit & Fresh, Inc. designed a defective Plastic Container, that made it unreasonable dangerous for its intended users.

54.     Additionally, a reasonable person would conclude that the probability and seriousness of harm caused by the JAXX FitPak meal prep backpack, specifically the Plastic Container, outweighs the burden of costs of taking precautions.

55.     Feasible alternative designs existed to prevent the Plastic Container from melting and destructing when placed in the microwave to have the contents put in the container heated up.

56.     As a result of the above defects in the Plastic Container sold as part of the JAXX FitPak meal prep backpack, Defendant's conduct was a factual cause of, and indeed directly and proximately caused, Marie Walker's injuries as described above.

57.     Ms. Walker suffered serious and permanent injuries as a proximate result of the unreasonably dangerous condition of the subject Plastic Container.

58.     As a direct and proximate result of Defendants' strict liability, Marie Walker has suffered the following damages:

      a.     Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

      b.     Past and future mental suffering;

      c.     Impairment of the ability to enjoy life's pleasures;

      d.     Permanent physical impairment; and,

      e.     Past and future costs and expenses for medical care, various therapeutic treatments, medications and home healthcare.

WHEREFORE, Plaintiff Marie Walker demands compensatory damages from the Defendant Fit & Fresh, Inc., in an amount in excess of $75,000.00, together with interests, costs of suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

## COUNT II

## NEGLIGENCE

### Marie Walker vs. Fit & Fresh, Inc.

59.     All preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

60.     Defendants had a duty to Marie Walker not to manufacture, sell, market, design, fabricate, and distribute the defective JAXX FitPak meal prep backpack, specifically the Plastic Container.

61.    Defendant breached its duty of care to Marie Walker and acted negligently in the following manners:

    a.    Failed to properly and adequately design and/or manufacture the JAXX FitPak meal prep backpack, specifically the Plastic Container, to prevent the Plastic Container from melting and destructing in the microwave when being heated;

    b.    Failing to properly and adequately test the plastic containers sold as part of JAXX FitPak meal prep backpack for use in the microwave;

    c.    Failed to properly and adequately design a safety mechanism to prevent failure of the Plastic Container sold as part of JAXX FitPak meal prep backpack when used in the microwave;

    d.    In failing to properly and adequately warn and instruct Marie Walker of the dangerous condition and nature of the Plastic Container that came with the JAXX FitPak meal prep backpack when using it in the microwave;

    e.    In failing to properly and adequately provide protective devices and/or safety features for the Plastic Container that came with the JAXX FitPak meal prep backpack when using it in the microwave;

    f.    In failing to provide adequate warnings and instructions of the possible risks of using the Plastic Container that came with the JAXX FitPak meal prep backpack in the microwave;

    g.    In failing to properly and adequately sell, market, label, distribute, and/or supply the Plastic Container and plastic containers in the JAXX FitPak meal prep backpack so as to ensure they could be used in the microwave;

    h.    In failing to properly and adequately inspect the Plastic Container sold as part of JAXX FitPak meal prep backpack;

    i.    Fit & Fresh, Inc. negligently designed the Plastic Container in a manner that caused Ms. Walker to suffer significant burns;

j.   Fit & Fresh, Inc. negligently manufactured the Plastic Container in a manner that caused Ms. Walker to suffer significant burns;

k.   In failing to have proper quality control measures with respect to the Plastic Container;

l.   Fit & Fresh, Inc. negligently tested the Plastic Container before putting it into the stream of commerce;

m.   Malfunction of the Plastic Container sold as part of JAXX FitPak meal prep backpack during normal and anticipated use; and,

n.   In Failing to provide the JAXX FitPak meal prep backpack and accompanying plastic containers, with every element necessary to make it safe for its intended use, and without any condition that makes it unsafe for its intended use.

62.    As a result of the above negligence, which cause the Plastic Container that was part of the JAXX FitPak meal prep backpack purchased by Marie Walker to melt and destruct when heated in the microwave, Defendant's conduct  was a factual cause of, and indeed directly and proximately caused, Marie Walkers' injuries as described above.

63.    As a direct and proximate result of Defendant's negligence, Marie Walker suffered the following damages:

a.   Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

b.   Past and future mental suffering;

c.   Impairment of the ability to enjoy life's pleasures;

d.   Permanent physical impairment; and,

e.   Past and future costs and expenses for medical care, various therapeutic treatments, medications and home healthcare.

WHEREFORE, Plaintiff Marie Walker demands compensatory damages from the Defendant Fit & Fresh, Inc. in an amount in excess of $75,000.00, together with interests, costs of

suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

## COUNT III

## STRICT LIABILITY

### Marie Walker v. Sam's East, Inc. d/b/a Sam's Club #6679

64.     All the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

65.     Defendant Sam's East, Inc. d/b/a Sam's Club #6679, at all relevant times, engaged in the manufacture, selling, installation, design, fabrication, marketing, and/or distribution of the JAXX FitPak meal prep backpack and Plastic Container, that is the subject of this lawsuit.

66.     Upon information and belief, the defective nature of the Plastic Container, which defect existed at the time the Defendant's care, custody, and control, caused the injuries to Marie Walker.

67.     The defective nature of the JAXX FitPak meal prep backpack, specifically the Plastic Container, was unreasonably dangerous to users and/or consumers, such as Marie Walker.

68.     Marie Walker was an ultimate user or consumer of the JAXX FitPak meal prep backpack and accompanying Plastic Container.

69.     The JAXX FitPak meal prep backpack and Plastic Container reached Marie Walker without change in the condition in which it was designed, manufactured, or sold or, alternatively, reached Marie Walker in a condition that was or should have been foreseeable to the Defendant.

70.     Marie Walker was an intended user of the JAXX FitPak meal prep backpack and accompanying Plastic Container and was using the JAXX FitPak meal prep backpack and accompanying Plastic Container in an intended and foreseeable manner.

71.     The defective condition of the Plastic Container sold as part of the JAXX FitPak meal prep backpack rendered the Plastic Container unreasonably dangerous for consumers.

72.     Ms. Walker was a foreseeable user of the Plastic Container because the JAXX FitPak meal prep backpack, which included the Plastic Container was marketed to men and women of her age range for meal prepping and storing food.

73.     Ms. Walker's use of the Plastic Container sold as part of the JAXX FitPak meal prep backpack, which included the plastic container was, at all times, reasonable and foreseeable.

74.     The foreseeable risks of the Plastic Container sold as part of JAXX FitPak meal prep backpack, which included the plastic container as designed, marketed, and sold, exceeded its benefits.

75.     Due to the design and/or manufacturing of the JAXX FitPak meal prep backpack, specifically the Plastic Container, the Plastic Container posed an unknowable and unacceptable danger to the average or ordinary consumer, such as Marie Walker.

76.     Defendant failed to properly and adequately warn Marie Walker of the dangerous nature of the JAXX FitPak meal prep backpack, specifically the Plastic Container.

77.      Sam's East, Inc. d/b/a Sam's Club #6679 failed to test the Plastic Container sold to Ms. Walker before selling the product to Ms. Walker.

78.     Sam's East, Inc. d/b/a Sam's Club #6679 failed to properly inspect the Plastic Container sold to Ms. Walker before selling it to Ms. Walker.

79.     Failing to ensure that the Plastic Container manufactured by Fit & Fresh, Inc. worked in a manner consistent with Sam's East, Inc. d/b/a Sam's Club #6679 promises on Sam's East, Inc. d/b/a Sam's Club #6679 website.

80.     By improperly designing, manufacturing, assembling, distributing, and selling the JAXX FitPak meal prep backpack and Plastic Container in a defective and dangerous condition of which Sam's East, Inc. d/b/a Sam's Club #6679 knew, or reasonably should have known, of such dangers.

81.     While the Plastic Container was designed to be store food, Sam's East, Inc. d/b/a Sam's Club #6679 failed to ensure that the Plastic Container that was sold as part of the JAXX FitPak meal prep backpack that was sold in their stores, was not defective in a way that would injure the user when the container was being used in the microwave.

82.     Sam's East, Inc. d/b/a Sam's Club #6679 sold and marketed the Plastic Container that was sold as part of JAXX FitPak meal prep backpack, in a way that allowed for food that was stored in the Plastic Container to be heated up in the microwave, although the Plastic Container indicated to the user that it was microwave safe.

83.     Sam's East, Inc. d/b/a Sam's Club #6679 sold and marketed a defective product.

84.     Sam's East, Inc. d/b/a Sam's Club #6679 sold and marketed the JAXX FitPak meal prep backpack and the Plastic Container as being microwave safe.

85.     Sam's East, Inc. d/b/a Sam's Club #6679 sold and marketed the JAXX FitPak meal prep backpack and the Plastic Container as being designed and manufactured in a way that would ensure the user would not be injured during its intended use.

86.     Sam's East, Inc. d/b/a Sam's Club #6679 failed to design, sell and/or market an emergency feature that would activate when something malfunctioned on the Plastic Container while the food contents were being heated up in the container in the microwave.

87.     Sam's East, Inc. d/b/a Sam's Club #6679 failed to ensure that all products they manufactured and sold would not pose a threat to their consumer such as Ms. Marie Walker.

88.     Sam's East, Inc. d/b/a Sam's Club #6679 failed to ensure that all of their products were manufactured, sold and shipped without defect.

89.     Sam's East, Inc. d/b/a Sam's Club #6679 failed to ensure that all of their plastic containers as part of the JAXX FitPak meal prep backpack, could work as they were intended.

90.     Sam's East, Inc. d/b/a Sam's Club #6679 sold and marketed a defective Plastic Container, that made it unreasonable dangerous for its intended users.

91.     Additionally, a reasonable person would conclude that the probability and seriousness of harm caused by the JAXX FitPak meal prep backpack, specifically the Plastic Container, outweighs the burden of costs of taking precautions.

92.     Feasible alternative designs existed to prevent the Plastic Container from melting and destructing when placed in the microwave to have the contents put in the container heated up.

93.     As a result of the above defects in the Plastic Container sold as part of the JAXX FitPak meal prep backpack, Defendant's conduct was a factual cause of, and indeed directly and proximately caused, Marie Walker's injuries as described above.

94.     Ms. Walker suffered serious and permanent injuries as a proximate result of the unreasonably dangerous condition of the subject Plastic Container.

95.     As a direct and proximate result of Defendant's strict liability, Marie Walker has suffered the following damages:

      a.     Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

      b.     Past and future mental suffering;

      c.     Impairment of the ability to enjoy life's pleasures;

      d.     Permanent physical impairment; and,

e.    Past and future costs and expenses for medical care, various therapeutic treatments, medications and home healthcare.

WHEREFORE, Plaintiff Marie Walker demands compensatory damages from the Defendant Sam's East, Inc. d/b/a Sam's Club #6679, in an amount in excess of $75,000.00, together with interests, costs of suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

## COUNT IV

## NEGLIGENCE

### Marie Walker vs. Sam's East, Inc. d/b/a Sam's Club #6679

96.    All preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

97.    Defendant had a duty to Marie Walker not to manufacture, sell, market, design, fabricate, and distribute the defective JAXX FitPak meal prep backpack, specifically the Plastic Container.

98.    Defendant breached its duty of care to Marie Walker and acted negligently in the following manners:

a.    Failed to properly and adequately sell and market the JAXX FitPak meal prep backpack, specifically the Plastic Container, to prevent Ms. Walker and others from being injured the melting Plastic Container when being heated;

b.    Failing to properly and adequately test the plastic containers sold as part of JAXX FitPak meal prep backpack for use in the microwave;

c.    Failed to properly and adequately design, sell and/or market a safety mechanism to prevent failure of the Plastic Container sold as part of JAXX FitPak meal prep backpack when used in the microwave;

    d.     In failing to properly and adequately warn and instruct Marie Walker of the dangerous condition and nature of the Plastic Container that came with the JAXX FitPak meal prep backpack when using it in the microwave;

    e.     In failing to properly and adequately provide protective devices and/or safety features for the Plastic Container that came with the JAXX FitPak meal prep backpack when using it in the microwave;

    f.     In failing to provide adequate warnings and instructions of the possible risks of using the Plastic Container that came with the JAXX FitPak meal prep backpack in the microwave;

    g.     In failing to properly and adequately sell, market, label, distribute, and/or supply the Plastic Container and plastic containers in the JAXX FitPak meal prep backpack so as to ensure they could be used in the microwave and not cause injury to Ms. Walker and others;

    h.     In failing to properly and adequately inspect the Plastic Container sold as part of JAXX FitPak meal prep backpack;

    i.     Malfunction of the Plastic Container sold as part of JAXX FitPak meal prep backpack during normal and anticipated use; and,

    j.     In failing to provide the JAXX FitPak meal prep backpack and accompanying plastic containers, with every element necessary to make it safe for its intended use, and without any condition that makes it unsafe for its intended use.

99.    As a result of the above negligence, which cause the Plastic Container that was part of the JAXX FitPak meal prep backpack purchased by Marie Walker to melt and destruct when heated in the microwave, Defendant's conduct  was a factual cause of, and indeed directly and proximately caused, Marie Walkers' injuries as described above.

100.    As a direct and proximate result of Defendant's negligence, Marie Walker suffered the following damages:

a.    Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

b.    Past and future mental suffering;

c.    Impairment of the ability to enjoy life's pleasures;

d.    Permanent physical impairment; and,

e.    Past and future costs and expenses for medical care, various therapeutic treatments, medications and home healthcare.

WHEREFORE, Plaintiff Marie Walker demands compensatory damages from the Defendant Sam's East, Inc. d/b/a Sam's Club #6679 in an amount in excess of $75,000.00, together with interests, costs of suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

## COUNT V

## BREACH OF IMPLIED WARRANTIES

### Marie Walker vs. Fit & Fresh, Inc.

101.    The averments of the previous paragraphs are incorporated herein as if set forth more fully at length.

102.    Marie Walker purchased and/or ultimately obtained the JAXX FitPak meal prep backpack, including Plastic Container, from Fit & Fresh, Inc.

103.    Fit & Fresh, Inc. impliedly warranted to the public in general, including to Ms. Walker, that the products sold by Fit & Fresh, Inc., or under Fit & Fresh, Inc's supervision, direction and control, were merchantable and reasonably fit and suitable for their ordinary purposes for which the JAXX FitPak meal prep backpack, including Plastic Container, was used, and that the Plastic Container conformed to the standards imposed by law, and were safe and efficacious when used as intended.

104.    Ms. Walker relied on the skill and judgment and implied warranties of Fit & Fresh, Inc. that the Plastic Container was of merchantable quality, and safe and fit for the Plastic Container's intended use.

105.    The Plastic Container sold to Ms. Walker was unsafe for its intended use, and was not of merchantable quality, as warranted by Fit & Fresh, in that the Plastic Container had dangerous propensities when put to its intended use and caused injury to Ms. Walker.

106.    The Plastic Container sold to Ms. Walker was not accompanied by warnings of its dangerous propensities, either known or reasonably scientifically knowable at the time of distribution.

107.    Ms. Walker's damages, as pled herein, were caused by and resulted from Fit & Fresh, Inc.'s breach of implied warranties of merchantability and/or fitness for particular purpose in the following particulars:

a.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it was not safe to be used in the microwave;

b.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it was not safe to be used in the microwave;

c.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it caused Ms. Walker's left foot to be burned;

d.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. negligently manufactured the Plastic Container in a manner that made it not safe to be used in the microwave;

e.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with

similar products used by consumers, in that Fit & Fresh, Inc. negligently manufactured Ms. Walker's Plastic Container in a manner that made it not safe to be used in the microwave;

f.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. negligently manufactured Ms. Walker's Plastic Container in that it caused Ms. Walker to become burned;

g.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh negligently tested Ms. Walker's Plastic Container before putting into the stream of commerce;

h.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. negligently inspected Ms. Walker's Plastic Container before putting it into the stream of commerce;

i.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. failed to conform to reasonable engineering practice in the design and manufacturing of the Plastic Container, which mandated a design whereby the Plastic Container would be safe for microwave use and would not melt causing Ms. Walker to be burned;

j.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. failed to adequately warn that the Plastic Container was not microwave safe;

k.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. failed to have proper quality control measures with respect the Plastic Container;

l.      The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc

failed to inspect the Plastic Container before placing it into the stream of commerce;

m.   The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. failed to properly study and/or test the Plastic Container for the possibility that the Plastic Container would not be microwave safe and cause Ms. Walker to suffer serious burns;

n.   The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh failed to conform to reasonable engineering and design practice by failing to adequately warn, instruct, disclose, or inform end users such as Ms. Walker that the Plastic Container and other containers were not microwave save and could cause Ms. Walker to be significantly burned;

o.   The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. improperly design, manufacture, assemble, distribute, and sell the Plastic Container in a defective and dangerous condition of which Fit & Fresh, Inc. knew, or reasonably should have known, of such dangers; and,

p.   The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Fit & Fresh, Inc. failed to design, distribute, and sell the Plastic Container in a condition safe for all reasonably foreseeable uses, including the type of activity carried on by Ms. Walker, or alternatively, in anticipating such foreseeable activity, yet failing to provide adequate safety features, including warnings and/or instructions.

108.   As a direct and proximate result of Fit & Fresh, Inc.'s breach of the implied warranties of merchantability and fitness for a particular purpose, as aforementioned, Ms. Walker has suffered the following injuries and damages:

a.   Hospital, nursing, and medical expenses necessitated by the Plastic Container's manufacturing defect, including the need for a second surgery;

b.      All past, present and future pain and suffering experienced as a result of the Plastic Container,

c.      Inconvenience, irritation, annoyance, impairment of the movement of the various parts of body, disfigurement, and scarring;

d.      The loss of the ability to engage in her usual activities and occupation, and wage loss;

e.      The impairment of her general health, strength, vitality and, the loss of the ability to enjoy the various pleasures of life; and,

f.      Any and all other damages permitted by law.

WHEREFORE, Plaintiff Marie Walker, claims damages of the Defendant Fit & Fresh, Inc. in an amount in excess of the jurisdictional limit of arbitration, together with costs, delay damages, pre-judgment and post-judgment interest, and any other damages which may be permitted by law.

## COUNT IV

## BREACH OF EXPRESS WARRANTIES

### Marie Walker vs. Fit & Fresh, Inc.

109.    The averments of the previous paragraphs are incorporated herein as if set forth more fully at length.

110.    Ms. Walker purchased and/or ultimately obtained a JAXX FitPak meal prep backpack and the Plastic Container from Fit & Fresh, Inc.

111.    Fit & Fresh, Inc. expressly warranted in its written literature, advertisement as representations of its representative, employees and agents that:

a.      The Plastic Container was safe, effective and proper for the use for which it was intended;

b.      The Plastic Container would not fail during normal usage;

c.  The Plastic Container was properly designed, manufactured, and included adequate warnings about the risks involved in its use;

d.  The Plastic Container used adequate materials that were not susceptible to failure;

e.  Fit & Fresh, Inc. adequately studied and/or tested the Plastic Container for the possibility of failure;

f.  The Plastic Container was inspected for evidence of faulty manufacture and/or failure prior to entering the stream of commerce;

g.  Fit & Fresh, Inc. had proper quality control procedures in place with respect to the Plastic Container, and;

h.  The Plastic Container and other plastic containers in the JAXX FitPak meal prep backpack were microwave safe.

112.  Ms. Walker relied on the skill and judgment and express warranties of Fit & Fresh, Inc. that the Plastic Container was safe, effective, fit and proper for the Plastic Container's intended use.

113.  As a direct and proximate result of Fit & Fresh, Inc.'s breach of the express warranties, as aforementioned, Ms. Walker has suffered the following injuries and damages:

a.  Hospital, nursing, and medical expenses necessitated by the Plastic Container's manufacturing defect;

b.  All past, present and future pain and suffering experienced as a result of the Plastic Container,

c.  Inconvenience, irritation, annoyance, impairment of the movement of the various parts of body, disfigurement, and scarring;

d.  The loss of the ability to engage in her usual activities and occupation and wage loss;

e.  The impairment of her general health, strength and vitality, and the loss of the ability to enjoy the various pleasures of life; and,

  f. Any and all other damages permitted by law.

 WHEREFORE, Plaintiff Marie Walker, demands damages of the Defendant Fit & Fresh, Inc. in an amount in excess of the jurisdictional limit for arbitration, together with costs, delay damages, pre-judgment and post-judgment interest, and any other damages which may be permitted by law.

## BREACH OF IMPLIED WARRANTIES

### Marie Walker vs. Sam's East, Inc. d/b/a Sam's Club #6679

114. The averments of the previous paragraphs are incorporated herein as if set forth more fully at length.

115. Ms. Walker purchased and/or ultimately obtained a JAXX FitPak meal prep backpack, including Plastic Container, from Sam's East, Inc. d/b/a Sam's Club #6679.

116. Sam's East, Inc. d/b/a Sam's Club #6679 impliedly warranted to the public in general, to health care providers, to Ms. Walker, that the Plastic Container sold, distributed and/or marketed by Sam's East, Inc. d/b/a Sam's Club #6679, or under Sam's East, Inc. d/b/a Sam's Club #6679 supervision, direction and control, were merchantable and reasonably fit and suitable for their ordinary purposes for which the Plastic Container was used, and that the Plastic Container conformed to the standards imposed by law, and were safe and efficacious when used as intended.

117. Sam's East, Inc. d/b/a Sam's Club #6679, as a seller and distributor of the JAXX FitPak meal prep backpack and Plastic Container, knew or had reason to know of the particular purposes of which Ms. Walker was going to use the Plastic Container.

118. Ms. Walker relied on the skill and judgment and implied warranties of Sam's East, Inc. d/b/a Sam's Club #6679 that the Plastic Container was of merchantable quality, and safe and fit for the Plastic Container's intended use.

119.     The Plastic Container sold to Ms. Walker was unsafe for its intended use, and was not of merchantable quality, as warranted by Sam's East, Inc. d/b/a Sam's Club #6679, in that the Plastic Container had dangerous propensities when put to its intended use and caused injury to Ms. Walker.

120.     The Plastic Container sold to Ms. Walker was not accompanied by warnings of its dangerous propensities, either known or reasonably scientifically knowable at the time of distribution.

121.     Ms. Walker's damages, as pled herein, were caused by and resulted from Sam's East, Inc. d/b/a Sam's Club #6679 breach of implied warranties of merchantability and/or fitness for particular purpose in the following particulars:

    a.     The Plastic Container sold, distributed and/or marketed by Sam's East, Inc. d/b/a Sam's Club #6679 was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it was not safe to be used in the microwave;

    b.     The Plastic Container sold, distributed and/or marketed by Sam's East, Inc. d/b/a Sam's Club #6679 was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it was not safe to be used in the microwave;

    c.     The Plastic Container sold, distributed and/or marketed by Sam's East, Inc. d/b/a Sam's Club #6679 was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that it caused Ms. Walker's foot to be burned;

    d.     The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 negligently tested Ms. Walker's Plastic Container before putting into the stream of commerce;

e. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 negligently inspected Ms. Walker's Plastic Container before putting it into the stream of commerce;

f. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to conform to reasonable engineering practice in the design and manufacturing of the Plastic Container, which mandated a design whereby the Plastic Container would be safe for microwave use and would not melt causing Ms. Walker to be burned;

g. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to adequately warn that the Plastic Container was not microwave safe;

h. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to have proper quality control measures with respect the Plastic Container;

i. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to inspect the Plastic Container before placing it into the stream of commerce;

j. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to properly study and/or test the Plastic Container for the possibility that the Plastic Container would not be microwave safe and cause Ms. Walker to suffer serious burns;

k. The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to conform to reasonable engineering and design practice by failing to adequately

warn, instruct, disclose, or inform end users such as Ms. Walker that the Plastic Container and other containers were not microwave save and could cause Ms. Walker to be significantly burned;

l.    The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 improperly design, manufacture, assemble, distribute, and sell the Plastic Container in a defective and dangerous condition of which Sam's East, Inc. d/b/a Sam's Club #6679 knew, or reasonably should have known, of such dangers; and,

m.    The Plastic Container was not of a merchantable quality and was not in conformity, insofar as safety is concerned, with similar products used by consumers, in that Sam's East, Inc. d/b/a Sam's Club #6679 failed to design, distribute, and sell the Plastic Container in a condition safe for all reasonably foreseeable uses, including the type of activity carried on by Ms. Walker, or alternatively, in anticipating such foreseeable activity, yet failing to provide adequate safety features, including warnings and/or instructions.

122.    As a direct and proximate result of Sam's East, Inc. d/b/a Sam's Club #6679's breach of the implied warranties of merchantability and fitness for a particular purpose, as aforementioned, Ms. Walker has suffered the following injuries and damages:

a.    Hospital, nursing, and medical expenses necessitated by the Plastic Container's manufacturing defect;

b.    All past, present and future pain and suffering experienced as a result of the Plastic Container,

c.    Inconvenience, irritation, annoyance, impairment of the movement of the various parts of body, disfigurement, and scarring;

d.    The loss of the ability to engage in her usual activities and occupation, and wage loss;

e.    The impairment of her general health, strength, vitality and, the loss of the ability to enjoy the various pleasures of life; and,

      f.      Any and all other damages permitted by law.

WHEREFORE, Plaintiff Marie Walker, claims damages of the Defendant Sam's East, Inc. d/b/a Sam's Club #6679 in an amount in excess of the jurisdictional limit of arbitration, together with costs, delay damages, pre-judgment and post-judgment interest, and any other damages which may be permitted by law.

## COUNT IV

## <u>BREACH OF EXPRESS WARRANTIES</u>

### Marie Walker vs. Sam's East, Inc. d/b/a Sam's Club #6679

123.    The averments of the previous paragraphs are incorporated herein as if set forth more fully at length.

124.    Ms. Walker purchased and/or ultimately obtained a JAXX FitPak meal prep backpack and the Plastic Container from Sam's East, Inc. d/b/a Sam's Club #6679.

125.    Sam's East, Inc. d/b/a Sam's Club # #6679 expressly warranted in its written literature, advertisement as representations of its representative, employees and agents that:

    a.    The Plastic Container was safe, effective and proper for the use for which it was intended;

    b.    The Plastic Container would not fail during normal usage;

    c.    The Plastic Container was properly designed, manufactured, and included adequate warnings about the risks involved in its use;

    d.    The Plastic Container used adequate materials that were not susceptible to failure;

    e.    Sam's East, Inc. d/b/a Sam's Club #6679 adequately studied and/or tested the Plastic Container for the possibility of failure;

    f.    The Plastic Container was inspected for evidence of faulty manufacture and/or failure prior to entering the stream of commerce;

g.   Sam's East, Inc. d/b/a Sam's Club #6679 had proper quality control procedures in place with respect to the Plastic Container, and;

h.   The Plastic Container and other plastic containers in the JAXX FitPak meal prep backpack were microwave safe.

126.   Ms. Walker relied on the skill and judgment and express warranties of Sam's East, Inc. d/b/a Sam's Club #6679 that the Plastic Container was safe, effective, fit and proper for the Plastic Container's intended use.

127.   As a direct and proximate result of Sam's East, Inc. d/b/a Sam's Club #6679's breach of the express warranties, as aforementioned, Ms. Walker has suffered the following injuries and damages:

a.   Hospital, nursing, and medical expenses necessitated by the Plastic Container's manufacturing defect;

b.   All past, present and future pain and suffering experienced as a result of the Plastic Container,

c.   Inconvenience, irritation, annoyance, impairment of the movement of the various parts of body, disfigurement, and scarring;

d.   The loss of the ability to engage in her usual activities and occupation and wage loss;

e.   The impairment of her general health, strength and vitality, and the loss of the ability to enjoy the various pleasures of life; and,

f.   Any and all other damages permitted by law.

WHEREFORE, Plaintiff Marie Walker, demands damages of the Defendant Sam's East, Inc. d/b/a Sam's Club #6679, in an amount in excess of the jurisdictional limit for arbitration, together with costs, delay damages, pre-judgment and post-judgment interest, and any other damages which may be permitted by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.


By:  _/s/ Mark D. Troyan_____
        MARK D. TROYAN, ESQUIRE
        PA 313861
        707 Grant Street, Suite 125
        Pittsburgh, PA 15219
        412-281-7229
        412-281-4229 (fax)
        mtroyan@peircelaw.com
        Counsel for Plaintiff